# In the United States Court of Federal Claims

No. 14-855C
(Filed: October 19, 2015)

|  |  |  |
|---|---|---|
| ADVANCED GOVERNMENT SOLUTIONS, INC., | ) ) ) | Denial of Attorneys' Fees under the |
|  | ) | Equal Access to Justice Act; Voluntary |
| Plaintiff, | ) | Corrective Action; Not a Prevailing |
|  | ) | Party |
| v. | ) |  |
|  | ) |  |
| THE UNITED STATES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

*John M. Mudock*, with whom were *Janine S. Benton, Kathy C. Potter, Sharon A. Roach*, and *Rosanne E. Stafiej*, Benton, Porter & Murdock, P.C., Falls Church VA, for plaintiff.

*P. Davis Oliver*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Benjamin C. Mizer*, Assistant Attorney General, and *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, Commercial Litigation Branch, for defendant.

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**FIRESTONE,** *Judge*

Plaintiff Advanced Government Solutions, Inc. ("AGS") has filed the present

motion seeking attorneys' fees and costs pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2414(d), and Rule 54(d)(1) of the Rules of the United States

Court of Federal Claims ("RCFC").  In this pre-award bid protest, the government took

voluntary corrective action which allowed AGS to submit a bid in a competition from

which AGS had previously been excluded.  AGS requests an award of $400 in litigation

costs and $38,695 in attorneys' fees.

Here, the government took voluntary corrective action which resolved all of the

issues in AGS's complaint before the court issued any decision on the merits of this case.

Thus, under applicable Federal Circuit and Supreme Court precedent, AGS is not a

"prevailing party" under EAJA and RCFC 54(d)(1).  Accordingly, AGS's motion is

**DENIED**.

## I.    BACKGROUND

AGS filed this pre-award bid protest challenging AGS's elimination from

consideration of a solicitation issued by the Department of Defense ("DOD") on May 15,

2014.  The solicitation required that all proposals be redacted so as not to include any

identifying information about the bidder, and provided that "[p]roposals that contain

identifying information shall be excluded from competitive evaluation."  AR 523.  AGS

was one of five companies to submit a proposal.  On June 10, 2014, the DOD informed

AGS that it would be excluded from competitive evaluation because AGS's proposal

included an unredacted identifier.  AGS requested an opportunity to correct what it

classified as a clerical error, but the agency denied its request.  On June 16, 2014, AGS

filed a protest with the GAO arguing that three of the four other bids also contained

identifying references.  Those companies, however, were not eliminated from

consideration.

The GAO dismissed AGS's protest, and on September 15, 2014, AGS filed its

complaint in this court.  As it did before the GAO, AGS argued before this court that the

government had treated it unfairly by excluding AGS's proposal for containing an unredacted identifier but allowing proposals with similar identifying information to remain in the evaluation process. AGS's amended complaint, filed October 10, 2014, ECF No. 22, sought a permanent injunction ordering the government to rescind AGS's notice of exclusion; permit AGS to resubmit a redacted proposal for the limited purpose of correcting missed redactions; and appoint a new Technical Evaluation Team, source selection authority, contracting specialist, and contracting officer.

On October 31, 2014, the government filed a notice of corrective action and requested that the court stay briefing on the motions for judgment on the administrative record. ECF No. 28. The government stated that it intended to rescind AGS's exclusion notice, amend the solicitation to remove the redaction requirement, and appoint a new evaluation team, thus addressing each of the requests in AGS's complaint. The court granted the government's request for a stay pending a new round of bidding on the contract. ECF No. 31. The contract was ultimately awarded to another company, Horizon Industries, Ltd. Despite the fact that it was not awarded the contract, AGS stated in a joint stipulation of dismissal, filed July 6, 2015, that AGS had "received the relief it requested as a result of Defendant's corrective action." ECF No. 42.

On July 7, 2015, AGS filed the present motion seeking attorneys' fees and costs under the EAJA. Pl.'s Mot. for Fees ("Pl.'s Mot.") at 9, ECF No. 47. The government opposed the motion, arguing that AGS was not a prevailing party under EAJA and that the government's position was substantially justified. The court has determined that oral argument is not necessary.

**II.     DISCUSSION**

**A.     Recovering Attorneys' Fees and Costs under the EAJA**

Under the EAJA, a "prevailing party" in a civil action against the United States may recover attorneys' fees and other costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  "The EAJA applicant has the burden of proving he is a prevailing party." Davis v. Nicholson, 475 F.3d 1360, 1366 (Fed. Cir. 2007) (citing RAMCOR Servs. Grp., Inc. v. United States, 185 F.3d 1286, 1288 (Fed. Cir. 1999)). However, "the government bears the burden of proving its position was substantially justified." Libas, Ltd. v. United States, 314 F.3d 1362, 1365 (Fed. Cir. 2003) (citing Neal & Co. v. United States, 121 F.3d 683, 686 (Fed. Cir. 1997)).  A plaintiff seeking review of agency action may be a prevailing party for the purposes of the EAJA if a court finds that the agency committed an error and remands to the agency, even if the agency does not ultimately grant the plaintiff the substantive relief it originally sought. Ward v. U.S. Postal Serv., 672 F.3d 1294, 1299 (Fed. Cir. 2012) (citing Former Emps. of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003)).  In order to be "substantially justified," the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Norris v. SEC, 695 F.3d 1261, 1265 (Fed. Cir. 2012) (per curium) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

In Buckhannon Bd. & Care Home, Inc. v. West Virginia Department of Health & Human Resources, the Supreme Court addressed the question of whether a plaintiff could

be a "prevailing party" for the purposes of a fee shifting statute if the plaintiff "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."  532 U.S. 598, 601 (2001).  The Court rejected this so-called "catalyst theory" and instead found that in order to be a prevailing party, the plaintiff must have "been awarded some relief by the court . . . ."  Id. at 603.  The Court further explained that a "judicially sanctioned change in the legal relationship of the parties" such as a judgment on the merits or a consent decree was necessary in order to confer prevailing party status.  Id. at 604-05 (citations omitted).  The Federal Circuit has found that the Supreme Court's standard in Buckhannon applies when determining whether a plaintiff is a prevailing party under the EAJA.  Brickwood Contractors, Inc. v. United States, 288 F.3d 1371, 1380 (Fed. Cir. 2002); see also, e.g., Brown v. McDonald, 591 F. App'x 942, 944 (Fed. Cir. 2014).  As the Federal Circuit held in Rice Services, Ltd. v. United States, "[I]n order to demonstrate that it is a 'prevailing party,' an EAJA applicant must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those."  405 F.3d 1017, 1025 (Fed. Cir. 2005).

### B.    AGS is Not a Prevailing Party

In this case, the government agreed to take voluntary corrective action, and the parties agreed to voluntarily dismiss the case, before the court had an opportunity to issue any opinion on the merits.  Therefore, under Federal Circuit and Supreme Court precedent, there has been no "actual relief on the merits of [AGS's] claim" that "materially alter[ed] the legal relationship between the parties by modifying the

defendant's behavior in a way that directly benefits the plaintiff." <u>Innovation Dev. Enters. of Am., Inc. v. United States</u>, 600 F. App'x 743, 746 (Fed. Cir. 2015) (quoting <u>Farrar v. Hobby</u>, 506 U.S. 103, 111-12 (1992)).  Nor is the parties' joint stipulation of dismissal sufficient to confer prevailing party status.  In <u>Rice</u>, the Federal Circuit found that an order of dismissal "was not an enforceable judgment on the merits because the court did not reach the merits," and therefore, the plaintiff was not a prevailing party. 405 F.3d at 1026.  In <u>Rice</u>, as in this case, the court gave "no indication as to its view on the merits of the case prior to the government seeking dismissal." <u>Id.</u> at 1028.  The Circuit distinguished the order of dismissal from a consent decree, finding that while a consent decree "carr[ies] sufficient 'judicial imprimatur' to materially change the legal relationship of the parties," the defendant had already "substantially" and "voluntarily" afforded the plaintiff its requested relief by the time the order of dismissal was filed. <u>Id.</u> at 1026-27.  Likewise, in this case, the government had already provided the relief AGS sought before the parties agreed to dismiss this case.[1]

AGS argues that it should be considered a prevailing party because, as a result of this lawsuit, AGS was no longer excluded from bidding on the contract.  AGS acknowledges that there has been no ruling on the merits, but nevertheless argues that EAJA fees are appropriate "under the unique facts of this case." Pl.'s Mot. 4.  AGS describes what it characterizes as the government's bad faith treatment of AGS, including

---

[1] The parties dismissed this case pursuant to RCFC 41(a)(1)(A)(ii), which does not require any judicial intervention.  Therefore, there is even less of a judicial imprimatur on the dismissal of this case as there was in <u>Rice</u>.

misrepresentations in the GAO and its disparate treatment of AGS during the bidding process.  Id. at 5-6.  However, even assuming that all of AGS's allegations are true, AGS does not cite, and the court is not aware of, any case law supporting AGS's position that the catalyst theory applies to cases in which the government exhibits bad faith.[2]

Plaintiff's claim for attorneys' fees and costs case presents precisely the set of facts that typify the "catalyst theory," which both the Supreme Court and the Federal Circuit have rejected.  The case law is clear that "'[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit,' cannot confer prevailing party status on a plaintiff."  Brown, 591 F. App'x at 944 (quoting Buckhannon, 532 U.S. at 605).  In this case, there has been no enforceable judicial ruling on the merits and thus AGS is not a prevailing party.[3]

## III.  CONCLUSION

Because AGS is not a prevailing party for the purposes of the EAJA, AGS's motion for fees and costs is **DENIED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[2] In his concurring opinion in Brown v. McDonald, Judge Wallach opined that if the agency's "level of incompetency rises to a level approaching malevolence, at some point legal action to obtain redress should require EAJA compensation."  591 F. App'x at 945.  This view is not the law of the Circuit.

[3] Because the court finds that plaintiff was not a prevailing party, a necessary prerequisite to recovering fees or costs under the EAJA, there is no need to discuss the parties' arguments regarding whether the government's position was substantially justified.